UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN L. MEININGER, as Chapter 7
Trustee of the Estate of Michael O.
Linkenbach and Anita D. Linkenbach,

    Appellant,

v.                             Case No. 8:11-cv-2006-T-33

GREEN TREE SERVICING, LLC, a
Delaware limited liability company,

    Appellee.
_____/

## ORDER

This cause comes before the Court pursuant to Appellant Stephen L. Meininger, as Chapter 7 Trustee of the Estate of Michael O. Linkenbach and Anita D. Linkenbach's appeal of the Bankruptcy Court's Order granting Summary Judgment in favor of Appellee Green Tree Servicing LLC entered by the Bankruptcy Court on July 11, 2011, as amended by the Bankruptcy Court on July 20, 2011. The parties have filed their briefs (Doc. ## 10, 12, 13) and this Court held oral argument on March 28, 2012. For the reasons stated at the oral argument and as stated below, the Court affirms the Bankruptcy Court's ruling.

## I. Background and Procedural History

On May 29, 2009, Debtors Michael O. Linkenbach and Anita D. Linkenbach filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Schedule D of the Debtors' bankruptcy schedules lists Green Tree Servicing, LLC as a creditor in the amount of $45,378.00.

On or about April 29, 2010, the Debtors initiated an Adversary Proceeding against Green Tree alleging that Green Tree made harassing pre-petition phone calls to Debtors concerning the $45,378.00 debt in violation of the Florida Consumer Collection Practices Act, Florida Statute § 559.55, et seq. (Doc. # 3-1). Debtors allege that Green Tree placed a single call to the Debtors between December 16, 2008, and December 23, 2008, and therein referred to Mrs. Linkenback as either a "deadbeat" or a "loser." Debtors argue that this conduct violated Florida Statute Section 559.72(8) and (9), which follow:

> In collecting consumer debts, no person shall
> (8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

The parties filed cross Motions for Summary Judgment on the Adversary Complaint (B.R. # 20, 21). The Bankruptcy Court held a hearing on the Motions for Summary Judgment on February 1, 2011. (B.R. # 32). On April 20, 2011, the Honorable Alexander L. Paskay, United States Bankruptcy Judge, entered an Order denying Summary Judgment as to §559.72(8) and (9) based upon the existence of genuine issues of material facts. (B.R. # 37, 38).

On May 3, 2011, the Adversary Proceeding was reassigned to the Honorable Caryl E. Delano. (B.R. # 43). The very next day, Green Tree filed a Motion for Reconsideration of Judge Paskay's Summary Judgment Order. (B.R. # 44). Thereafter, on May 17, 2011, Debtors filed a Motion for Correction of Clerical Mistake or Oversight (B.R. # 48) arguing that Judge Paskay misinterpreted the evidence at the hearing. With both sides questioning the propriety of the Summary Judgment Order, Judge Delano granted the Motion for Reconsideration and requested further briefing from the parties. (B.R. # 53).

On July 11, 2011, after hearing from both sides, Judge Delano entered an Order granting Green Tree's Motion for Summary Judgment as to § 559.72(8) and (9) and denying Debtors' Motion for Summary Judgment. (B.R. # 61).

On July 20, 2011, Judge Delano entered an Amended Order that was nearly identical to her July 11, 2011, Order; however, she denied Debtors' Motion for Summary Judgment as to §559.72(7).[1] Thereafter, the Debtors appealed the July 11, 2011 Order.

On September 8, 2011, Judge Delano entered an Omnibus Order summarizing and clarifying her decision. That Order has not been appealed to this Court and that Order did not change her decision to grant Summary Judgment in favor of Green Tree as to Debtor's Florida Statute Section 559.72(8) and (9) claims.

## II. **Standard of Review**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). Upon entry of a final order by the bankruptcy court, a party may appeal to the district court pursuant to 28 U.S.C. § 158(a). The Court reviews the

---

[1] Although the Bankruptcy Court also analyzed the Debtors' claim that Green Tree violated Florida Statute Section 559.72(7), that issue is not the subject of this appeal and is pending before another District Judge on appeal. Accordingly, this Court will analyze subsections (8) and (9), only, and will not undertake any analysis of subsection (7).

Bankruptcy Court's grant of summary judgment de novo, "applying the same summary judgment legal standard applicable in the Bankruptcy Court and viewing all evidence and reasonable inferences in favor of the non-moving party." In re Weeks Landing, LLC, 439 B.R. 897, 911 (M.D. Fla. 2010); see also Useden v. Acker, 947 F.2d 1563, 1572 (11th Cir. 1991) (noting that a grant of summary judgment is subject to de novo review, applying the same legal standards that control the trial court's determination).

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also In re Weeks Landing, 439 B.R. at 911 (applying Rule 56 to summary judgment in bankruptcy court). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir.

1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court draws all inferences from the evidence in the light most favorable to the non-movant and resolves all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

III. **Analysis**

This appeal has been distilled down to two discrete issues for final resolution:

> (I) In referring to Debtor as a "loser" or "deadbeat," did Green Tree assert the existence of some legal right when Green Tree knew that the right did not exist in violation of Section

559.72(9), Florida Statutes (the "First Issue"); and

(II) Whether use of the terms "loser" or "deadbeat" is willfully abusive language as defined by Section 559.72(8), Florida Statutes (the "Second Issue").

The Court, in ruling on the First Issue, finds that the facts are undisputed that Debtors Michael O. Linkenbach and Anita D. Linkenbach were indebted to Appellee at the time of the Debtors' bankruptcy filing. The Court rejects the argument that Appellee asserted the existence of a legal right with knowledge that such right did not exist by demanding payment for the undisputed debt, even if such demand were made by the use of the terms "loser" or "deadbeat." In addition, the Court roundly rejects Appellee's position that Green Tree's conduct violated the Florida Deceptive and Unfair Trade Practices Act, Florida Statute Section 501.201, et seq. As a result, this Court affirms the ruling of the Bankruptcy Court on the First Issue and finds that Appellee did not violate Section 559.72(9), Florida Statutes, as a matter of law.

With respect to the Second Issue, this Court examined the authorities of Story v. J.M. Fields, Inc., 343 So. 2d 675 (Fla. 1st DCA 1977), the Federal Trade Commission's

Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097 (1988), Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985) and Kelemen v. Prof. Coll. Sys., No. 6:09-cv-1639, 2011 U.S. Dist. LEXIS 2105 (M.D. Fla. Jan. 4, 2011), in addition to the authorities cited in the parties' briefs.  In review of the foregoing authorities, the Court notes that the applicable standard governing the use of potentially offensive language in consumer debt collection circumstances was set forth by the Eleventh Circuit Court of Appeals in Jeter as "at least akin to profanity or obscenity."  Jeter, 760 F.2d at 1178.  The Eleventh Circuit further noted that "[s]uch offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene and profane remarks."  Id. The courts applying the Jeter standard have held that merely "rude and unpleasant" language does not rise to the level of a violation of the Fair Debt Collection Practices Act ("FDCPA") or the Florida Consumer Collection Practices Act ("FCCPA").  See Kelemen, 2011 U.S. Dist. LEXIS 2105 at *8-9 (compiling cases).

In accordance with Jeter and its progeny, the Court finds that the terms "loser" and "deadbeat" may be

considered rude and unpleasant, but do not rise to the level of willfully abusive language similar in offensiveness to obscene and profane remarks required by the FDCPA and FCCPA. Consequently, this Court affirms the Bankruptcy Court on the Second Issue and finds that Appellee did not violate Section 559.72(8), Florida Statutes, as a matter of law in that the terms "loser" or "deadbeat" are not at least akin to profanity or obscenity.

Therefore, the Court, having considered the parties' briefs, the authority cited therein and for the reasons set forth on the record in open court and stated herein, finds that the Bankruptcy Court's Order granting Summary Judgment in favor of Appellee should be affirmed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that

**(1)** The Bankruptcy Court's decision is **AFFIRMED.**

**(2)** The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and, thereafter, is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of April 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Counsel of Record